```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

REVERE INVESTMENTS, LLC,         :
   Plaintiff,                    :
                                 :
v.                               :   Civil No. 3:13CV707(AVC)
                                 :
CLARK BRINER, et al.,            :
   Defendants.                   :
```

## ORDER REMANDING CASE

On May 15, 2013, the court entered an order to show cause why this case should not be remanded to state court. The intervenor plaintiff, Roger Saunders, argues that the case has been improperly removed from state court because the federal question upon which removal is based was not made part of the operative complaint. Rather, the federal question was introduced into the state court proceedings by Saunders' proposed complaint that accompanied his motion to intervene. The defendants, Clark Briner and Revere Capital, LLC (collectively "the defendants"), argue that that removal is not premature. For the reasons that follow, the court concludes that is lacks subject matter jurisdiction.

## FACTS

The plaintiff filed a complaint in Connecticut Superior Court containing only state causes of action on November 16, 2012. On April 30, 2013, Saunders filed a motion to intervene. The motion to intervene included a proposed complaint that

contained a claim arising under 15 U.S.C. § 1125(a). Before the state court ruled on the motion to intervene, the defendants removed the case to this court pursuant to 28 U.S.C. § 1446.

## DISCUSSION

28 U.S.C. § 1441(a) provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Thus, a civil action filed in state court may only be removed under § 1441(a) if the case could have been brought in federal court and the federal court would have had original subject matter jurisdiction. The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. Rivet v. Regions Bank of L.A., 522 U.S. 470, 475 (1998); Caterpillar Inc. v. Williams, 482 U.S. 386, 392-94 (1987); Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908).

Here, the defendants removed this case before the motion to intervene was ruled on. Therefore, Saunders' proposed cause of action under 15 U.S.C. § 1125(a) that accompanied his motion to

intervene has not become part of the operative complaint. Because the presence of federal question jurisdiction is not apparent from the face of the operative complaint, the court concludes that it lacks subject matter jurisdiction and the case should be remanded to state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## CONCLUSION

This case is hereby remanded to the Connecticut Superior Court, Complex Litigation Docket, for the Judicial District of Waterbury.

So ordered this 26th day of June 2013, at Hartford, Connecticut.

                                            /s/  
                                        Alfred V. Covello  
                                        United States District Judge